IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN BUCHANAN | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv223 |
| OFFICER SELLARS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Brian Buchanan, formerly an inmate at the Jefferson County Correctional Facility, proceeding *pro se*, brings this civil rights action pursuant 42 U.S.C. § 1983 against Officer Sellars. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges that on May 15, 2023, the defendant failed to follow protocol at the Correctional Facility by not replacing a defective water cooler. Plaintiff states there was a pool of water around the water cooler and that no safety precautions were taken to prevent slipping. He states that when he went to get a cup of water, he slipped and suffered a deep contusion to his wrist.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its fact." *Id*. at 570. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

<u>Analysis</u>

In this lawsuit, plaintiff alleges that the defendant has, by permitting him to be exposed to a dangerous condition--a slippery floor--, violated his constitutional rights.

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhuman ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to [constitutional] scrutiny." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotations omitted).  However, a jail official violates an inmate's constitutional rights by exposing him to unsafe conditions only if he "1) shows a subjective deliberate indifference to 2) conditions imposing a substantial risk of serious harm to the inmates." *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)).

Deliberate indifference entails something more than mere negligence. *Estelle v. Gamble*, 429 U.S. 97 (1976).  An official cannot be considered to be deliberately indifferent unless the official knows of and disregards an excessive risk to inmate health or safety.  *Farmer v. Brennan*, *supra*. The official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Id*.

In this case, plaintiff does not allege the defendant was aware of the slippery floor near the water cooler.  As a result, plaintiff's allegations do not rise to the level of deliberate indifference. His allegations state no more than a claim of negligence, which is not actionable under 42 U.S.C. § 1983.  *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's alleged damages resulting from a slip-and-fall due to a leaky air conditioning unit not actionable under Section 1983). Further, even if the defendant was aware of the slippery floor, plaintiff still fails to allege a constitutional violation.  His allegations fail to show the defendant had sufficient information to infer that the conditions presented a substantial risk of harm to a prisoner's safety. *Noble v. Grimes*, 350 F. App'x 892, 893 (5th Cir.  2009).

For the reasons set forth above, plaintiff's lawsuit fails to state a claim upon which relief may be granted. This lawsuit should therefore be dismissed.

## Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 10th day of July, 2023.

_____
Zack Hawthorn
United States Magistrate Judge